JOHN DOE, on the demise of LOUDER N. HEARN v. JOSHUA
GRAY, tenant in possession.

The relation of landlord and tenant, or tenancy, is a question of fact, like
that of possession, and may be proved by parol evidence, as by the
payment of rent, or by the admisssions and declarations of the parties in
regard to the matter.

It is a sufficient service of notice to quit, to leave it at his house on the
premises with his wife in the absence of the tenant from home, for it is
not necessary that it should be served personally upon him.

If the demise is not by deed, and no time is proved when it is to begin, or
terminate, it constitutes a renting from year to year, and commences at
the usual time of renting such premises in the county.

THIS was an action of ejectment for a farm containing
a hundred and sixty acres in Broad Creek hundred, which
had been sold at sheriff's sale to satisfy sundry judgments
against the defendant, and bought by the plaintiff. The
sale had been duly returned and confirmed by the court
at the October Term 1853, and a deed had been or-
dered from the sheriff to the plaintiff for the premises,
and which was duly executed and delivered and bore
date November 1st, 1853. The counsel for the plaint-
iff proved by a witness called to the stand, that the
defendant was in possession of the premises when they
were sold by the sheriff and bought by the plaintiff, and
also, when the present action was commenced; and that
he had known him after the execution and delivery of the
sheriff's deed to the plaintiff, to find fence rails for the
land and guano to manure it, and that he had told him
he was to pay to the plaintiff as rent for the farm, one half
of the corn raised upon it.

On the cross-examination of the witness, the counsel
for the defendant enquired if there was not an under-
standing, or agreement between the plaintiff and the
defendant at the sale of the land by the sheriff, that the
defendant was to remain in possession of the farm and
pay rent for it, which was objected to on the ground
that no evidence by parol merely was admissible to prove

an agreement in regard to lands, or any interest in or concerning them.

*By the Court:* If we understand the purport and object of the inquiry, it is strictly in cross-examination and reply to the inquiry propounded by the counsel for the plaintiff, which was also by parol evidence ; and it would be admissible on that principle if on no other. But it is also to prove that after the sale the relation of landlord and tenant subsisted between the parties in regard to the land, and this was a fact which it was always competent to prove by parol. It does not go to the question, or to the point of controverting, or to the denial of the legal title of the plaintiff, but is entirely consistent with it, and if proved, but confirms and establishes it so far as these parties are mutually concerned and affected. The existence of a tenancy, or the relation of landlord and tenant with reference to a particular piece, or tract of land, is a fact like that of possession, and may and generally must be proved, or disproved by parol evidence, as by the payment of rent, or the admissions, or declarations of the the parties on the subject. Besides, by the terms of the statute, a demise of land for a year and no longer, is good by parol and requires no written lease, to prove or establish the terms of it.

Proof was then made on the part of the plaintiff that the defendant had admitted that he had paid the plaintiff rent for the farm, for two years after the sale of it, but had refused to pay it the third year; and also that he had caused a written notice under his hand to be left at the house of the defendant on the premises, in the hands of his wife in his absence from home, on the first of August 1856, notifying him to leave the farm and to deliver up the possession to him on, or before the first of January 1857. On which the plaintiff rested his case.

*The Counsel* for the defendant submitted a motion for a non-suit; first, because the service of notice to quit was

not sufficient. It should have been served personally on the defendant, as the statute made no provision for leaving it, or a copy of it, at his home in his absence, with his wife, or any other person; and, secondly, because it did not appear at what time the tenancy commenced, and of course, when the year expired. It appeared by the evidence, that the plaintiff's title to the premises accrued on the 1st day of November, 1853, and that the renting of the defendant commenced from that time and was from year to year. And if such was the case, then the rental year would expire on the last day of October in each and every year thereafter during the holding, and the notice given on the first of August to quit on the first of January following, was not in accordance with the terms of the letting, and did not give three months for the purpose, before the first of November ensuing, when the rental year in point of fact expired.

*But the Court* overruled the motion for a non-suit on both grounds; and as the defendant offered no evidence, charged the jury that the service of the notice to quit, was, under the circumstances, sufficient, and that as the renting of the premises continued for several years without any demise by deed or written lease, it must, by the express terms of the statute, be construed and considered to be a renting from year to year; and as no time had been proved when it was to begin, or when it was to end, and the plaintiff's title only accrued on the first of November, and the defendant was himself the owner of the premises up to that time, it was to be presumed that the first year's renting by the understanding and intendment of the parties, was to commence with the first day of January following, the usual time when the renting of such premises commences in this county, and of course expired with the last day of December in that year, and so with every year thereafter, up to the time when by the notice to quit, it was terminated.

*C. S. Layton*, for plaintiff.
*Moore and W. Saulsbury*, for defendants.